**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    Case No. 06-CR-20664

FIKRI S. MAMDOUH,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION *IN LIMINE*
## TO EXCLUDE HIS PRIOR FELONY CONVICTION

Defendant Fikri S. Mamdouh moved on February 2, 2007 for exclusion of

evidence of his earlier felony conviction in the event that the government sought to

admit it to impeach his credibility if he were to testify.  The matter has been fully briefed

and the court concludes a hearing on the motion is unnecessary.  *See* E.D. Mich LCrR

12.1; E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will deny

Defendant's motion.

## I.  BACKGROUND

Defendant is charged with conspiracy and making false statements to

fraudulently obtain a Small Business Administration loan.  (1/9/07 Indictment at 1-9.)

Defendant seeks to exclude from evidence his earlier conviction for "felony copying of a

[sic] audio/video recording for gain."  (Def.'s Br. at ¶ 4.)  He argues that the offense

"bears little if any relationship to the credibility of the accused" and that admission of it

would unduly prejudice him.  (*Id.* at 5-6.)  The government responds that (1) the

conviction is *per se* admissible under Federal Rule of Evidence 609 as a crime involving

dishonesty or false statement, (2) that it is probative of Defendant's motive and (3) that

its probable value outweighs its prejudicial effect. (Govt. Resp. at 2-5.) Defendant contends that the "earlier criminal conduct . . . did not involve either dishonesty or false statement." (Def.'s Br. at 6.)

## II. DISCUSSION

Federal Rule of Evidence 609(a)(1) allows the admission of evidence of a witness's prior conviction to impeach that witness if the crime was punishable by a sentence of greater than one year and if the probative value of the evidence outweighs its prejudicial effect. FRE 609(a)(1). Where the crime "involved dishonesty or false statement, regardless of the punishment," Rule 609 admits evidence of the conviction without any balancing test. FRE 609(a)(2). In *McHenry v. Chadwick* 896 F.2d 184 (6th Cir. 1990), the court explained that, under Rule 609(a)(2), "[a]lthough evidentiary issues are generally within the broad discretion of the trial judge, the admission of prior convictions involving dishonesty is not," even if the conviction was for a misdemeanor. 896 F.2d at 189.

According to the Michigan statute under which Defendant was convicted:

(1) A person shall not directly or indirectly do any of the following:

* * *

(b) Transfer the sounds on a recording onto another recording without the consent of the owner for commercial advantage or private financial gain.

Mich. Comp. Laws § 752.1052 . The pertinent felony penalty section provides:

(2) A person who violates this act by committing a subsequent offense or an offense involving 7 or more audiovisual recordings or 100 or more sound recordings during a 180-day period is guilty of a felony, punishable by imprisonment for not more than 5 years, or a fine of not more than $250,000.00, or both.

Mich. Comp. Laws § 752.1054.

Commission of Defendant's crime necessarily involves duplicity for commercial (or personal) gain. It strikes the court as intellectual property theft by a scheme or subterfuge, not unlike counterfeiting. The Sixth Circuit has held that a conviction for counterfeiting is automatically admissible under Rule 609(a)(2).

> The only question concerning Morrow's counterfeiting conviction is whether counterfeiting is a crime involving "dishonesty or false statements" under Rule 609(a)(2). The term "counterfeit" implies a sham or bogus act. To use counterfeit money is of necessity to trade on the inauthenticity and misrepresentative character of such currency. Counterfeit cash is a pretender to the real thing, and dishonesty is a core ingredient in the offense of counterfeiting. *See United States v. Noble,* 754 F.2d 1324, 1331 (7th Cir.), *cert. denied,* 474 U.S. 818, 106 S.Ct. 63, 88 L.Ed.2d 51 (1985) (holding that counterfeiting is a crime of dishonesty and false statement under Rule 609(a)(2)). Morrow's attempt to evade this fact is unavailing.

*United States v. Morrow*, 977 F.2d 222, 228 (6th Cir. 1992). An unauthorized recording for commercial advantage or private financial gain is as inauthentic and misrepresentative as counterfeit money is. It is, at its core, dishonest and "a pretender to the real thing." *Id.* Because Defendant's conviction involved dishonesty or false statement, it is therefore admissible under Rule 609(a)(2).[1]

### III. CONCLUSION

IT IS ORDERED that Defendant's Motion *in Limine* [Dkt # 25] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2007

---

[1]The court need not undertake the balancing test of Rule 609(a)(1).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522